IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **WANDA MARIE FLOYD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-02551-TMP |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO GRANT ATTORNEY'S FEES**

Before the court is plaintiff Wanda Marie Floyd's Motion to Grant Attorney's Fees, filed on May 30, 2019. (ECF No. 23.) Defendant Carolyn W. Colvin, Acting Commissioner of Social Security[1] ("Commissioner"), responded on June 13, 2019 (ECF No. 25), and Floyd replied on June 18, 2019 (ECF No. 26).[2] For the following reasons, Floyd's motion is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

---

[1]Carolyn W. Colvin was the Acting Commissioner of Social Security at the time this action was filed. Therefore, she is named in the caption to this case. As of the date of this order, the Acting Commissioner of Social Security is Nancy A. Berryhill.

[2]Although Floyd improperly filed the reply without seeking leave of court, see Local Rule 7.2(c), the court will consider the reply in the interest of judicial efficiency.

On May 2, 2012, Floyd applied for supplemental security income ("SSI") under Title XVI of the Social Security Act. (ECF No. 21 at 1.) An Administrative Law Judge ("ALJ") issued a decision denying Floyd's request for benefits on June 12, 2014. (Id. at 2.) On July 10, 2015, the Appeals Council denied Floyd's request for review, making the ALJ's decision the final decision of the Commissioner. (Id.) Floyd subsequently appealed the ALJ's decision. (ECF No. 1.) This court reviewed that decision and remanded the case. (ECF Nos. 21; 22.)

On remand, the ALJ awarded Floyd past due benefits in the amount of $59,538.00. (ECF No. 25 at 1.) The Social Security Administration ("SSA") withheld $14,839.50 of Floyd's past due benefits to cover fees associated with this case. (Id.) The SSA has paid Floyd's attorney $4,601.75 but is withholding $10,237.75 until the court rules on the present motion. (ECF Nos. 23 at 2-3, ¶ 9; 26-1.) Presently before the court is Floyd's motion for attorney's fees. (ECF No. 23.) Floyd and her attorney entered into a contingency fee agreement. Under the agreement, Floyd's attorney would receive 25% of Floyd's past due benefits if the case was appealed to this court and Floyd ultimately received a favorable decision at the administrative level. Although it is unclear from the motion, it appears that Floyd's attorney is seeking additional fees in the amount of $10,237.75 (the withheld amount). Thus, if

successful, Floyd's attorney would receive a total fee award of $14,839.50, which equals 25% of Floyd's past due benefits.

## II. ANALYSIS

### A. Overview - Section 406 and Equal Access to Justice Act

"In Social Security cases, attorney's fees may be awarded under Section 406(b)(1)(A) of the Social Security Act" and the Equal Access to Justice Act ("EAJA"). Frazier v. Comm'r of Soc. Sec., No. 16-11363, 2018 WL 4905367, at *1 (E.D. Mich. Aug. 29, 2018), adopted by, 2018 WL 4901217 (E.D. Mich. Oct. 9, 2018). "A significant difference between Section 406(b) and EAJA attorney fees is their source: 'while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds.'" Id. (quoting Minor v. Comm'r of Soc. Sec., 826 F.3d 878, 881 (6th Cir. 2016)). "The EAJA generally increases a successful Social Security claimant's portion of past-due benefits because '[f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)); see also Horton v. Comm'r of Soc. Sec., No. 2:14-cv-83, 2018 WL 4701588, at *1 (M.D. Tenn. Oct. 1, 2018) ("An attorney who receives fees under both the EAJA and § 406(b) shall refund the lower award to the plaintiff.").

"Generally, after a plaintiff wins a sentence four remand, he becomes a prevailing party and may move for attorney's fees under the Equal Access to Justice Act ("EAJA")." Horton, 2018 WL 4701588, at *1. 28 U.S.C. § 2412(d)(1)(B) specifies the procedure for obtaining EAJA funds:

> A party seeking an award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(emphasis added). "EAJA fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award." Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 723 (6th Cir. 2012). "EAJA fees are paid to the plaintiff, who often assigns the award to his attorney." Horton, 2018 WL 4701588, at *1.

By contrast, "[a]n attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards

the claimant past-due benefits." Sindell v. Comm'r of Soc. Sec., No. 1:16-cv-854, 2019 WL 2029549, at *3 (W.D. Mich. Apr. 23, 2019), adopted by, 2019 WL 2024850 (W.D. Mich. May 8, 2019). "Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government." Hughes v. Comm'r of Soc. Sec., No. 1:16-cv-23, 2019 WL 2408035, at *1 (N.D. Ind. May 30, 2019). Procedurally, under Section 406, "[t]he Commissioner withholds 25% of the plaintiff's past-due benefits and [directly] pays the attorney 'out of, and not in addition to, the amount of such past-due benefits.'" Horton, 2018 WL 4701588, at *1.

**B. Application - Attorney's Fees Under Section 406**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. In determining an award of attorney's fees under the SSA, courts should look first at the contingency fee agreement, and then test it for reasonableness. Droke v.

- 5 -

Barnhart, No. 02-1284, 2005 WL 2174397, at *1 (W.D. Tenn. Sept. 6, 2005); see also Gisbrecht, 535 U.S. at 808.

A reduction in the fee may be justified based on "the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808; see also Droke, 2005 WL 2174397, at *1. Courts may reduce the fee award when, among other things, representation was substandard, benefits are large in comparison to the amount of time counsel spent on the case, counsel is responsible for delay, and the award would amount to a windfall to counsel. Gisbrecht, 535 U.S. at 808; Morrison v. Comm'r of Soc. Sec., No. 1:04-cv-454, 2008 WL 828863, at *2 (W.D. Mich. Mar. 26, 2008). Further, "[a]lthough a fee petition may be within the twenty-five percent (25%) statutory maximum, the statutory maximum was not intended to be an automatic finding that fees in that amount are reasonable." Lavender v. Califano, 683 F.2d 133, 134-35 (6th Cir. 1982). Most courts, however, are "'deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements.'" Droke, 2005 WL 2174397, at *1 (quoting Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)).

The SSA has already awarded Floyd's attorney $4,601.75 in fees for the work completed at the administrative level. In the

- 6 -

present motion, Floyd's attorney seemingly seeks an additional $10,237.75 in fees for work performed before this court, which would make the entire attorney's fee award $14,839.50. (ECF No. 23.) Floyd's attorney argues that the requested fee award is reasonable because she performed 170.8 hours of work in furtherance of Floyd's case. However, that figure represents the total amount of work Floyd's attorney performed at both the administrative level and before this court. In determining the reasonableness of the contingent fee agreement, the court only considers the hours Floyd's attorney spent litigating before this court. See Walls v. Astrue, No. 05-2226, 2008 WL 1984274, at *2 (W.D. Tenn. May 1, 2008) ("Although Walls' attorney is seeking fees for fifty four total hours of legal services, at most only 12.75 of those hours were spent litigating the appeal in federal court. '[E]ach tribunal may award fees only for the work done before it.'" (quoting Horenstein v. Sec'y of Health and Human Servs., 35 F.3d 261, 262 (6th Cir. 1994))). According to the billing statements attached to the present motion, Floyd's attorney performed 67.6 hours preparing and litigating Floyd's case in this court. (ECF No. 23-1 at 3-4.) Thus, if the present motion is granted, Floyd's attorney would effectively receive an hourly rate of $151.44/hour ($10,237.75/67.6 hours). Courts have approved attorney's fees under § 406(b) at rates much higher than those sought in this

case. See Droke, 2005 WL 2174397, at *1 (approving effective hourly rate of $830.82 and citing cases). Considering the reasonable hourly rate, the amount of time Floyd's counsel expended on the appeal, and the favorable result achieved, the court finds no reason to depart from the contingency fee agreement. Accordingly, the court concludes that Floyd's attorney's request for the additional $10,237.75 appears reasonable.

**C. Application - Attorney's Fees Under the EAJA**

Although Floyd's attorney's fees request seems reasonable, the court must also consider whether the awarded amount should be reduced because Floyd's attorney did not apply for fees under the EAJA. "When an attorney does not file for EAJA fees but instead only files for fees under § 406(b), the plaintiff does not receive the benefit of having the lower award refunded to her." Horton, 2018 WL 4701588, at *1. With this in mind, "[c]ourts have routinely reviewed attorneys' efforts (or lack thereof) to collect an EAJA fee award in analyzing a later § 406(b) fee request." Kocan v. Colvin, No. 2:14-cv-1058, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016) (citing cases). "To prevent plaintiffs from being penalized as a result of counsels' failures to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failures to

apply for EAJA fees into account in determining a reasonable fee for their services." Wolfe v. Colvin, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016) (internal citation omitted), adopted by, 2017 WL 467495 (E.D. Mich. Feb. 3, 2017); see also Harlow v. Astrue, 610 F. Supp. 2d 1032, 1034 (D. Neb. 2009) ("In light of the fact that attorney's fees awarded under the Social Security Act (42 U.S.C.A. § 406(b)) are paid from the claimant's past-due benefits, unlike EAJA fees which are paid by the [Social Security Administration], and the consequent inherent conflict between the claimant and the attorney regarding fees under § 406(b), *it is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so.* A petition for attorney's fees under § 406(b) may be denied as unreasonable where the attorney has failed to file a prior application for fees under EAJA, . . . .'" (quoting 4 Soc. Sec. Law & Prac. § 49:140)) (emphasis added).

In social security cases, courts have reduced attorney's fee awards where the attorney failed to timely apply for fees under the EAJA. See Hughes, 2019 WL 2408035, at *1 ("Because of th[e] fee-setting structure," applicable to social security cases, "an attorney creates a conflict of interest when she only seeks payment under § 406(b) and does not attempt to recover fees under the EAJA."); Austin v. Comm'r of Soc. Sec., No. 16-

- 9 -

cv-14027, 2018 WL 4787656, at *3 (E.D. Mich. Oct. 4, 2018) ("Plaintiff's counsel did his client a great disservice by not requesting fees under the EAJA. Those fees most likely would have amounted to $7,156.25 and would have been paid by the government, not by plaintiff from her past-due benefits. . . . [T]he Court shall calculate the § 406(b) fee in this matter by deducting the $7,156.25 EAJA fee counsel neglected to seek from the $12,162.25 in past-due benefits defendant is withholding."); Horton, 2018 WL 4701588, at *1 ("In order to do so in a manner most fair to Plaintiff, the Court will (1) determine a reasonable EAJA award; (2) determine a reasonable § 406(b) award; and (3) reduce the greater amount by the lower amount (thereby refunding to the plaintiff the lower award) for the final award amount."); King v. Comm'r of Soc. Sec., No. 3:14-cv-253, at *2 (N.D. Miss. June 15, 2017) ("Where counsel has failed to provide the plaintiff with the benefit of having a portion of the fees appropriately borne by the government, this court finds that the loss should fall upon counsel, rather than the plaintiff."); Jones v. Comm'r of Soc. Sec., No. 1:14-cv-748, 2017 WL 1745569, at *4 (S.D. Ohio May 4, 2017) ("Faced with fee motions under § 406(b) by attorneys who did not submit EAJA applications, courts have reduced the amount of a § 406(b) award by the amount that likely would have been awarded under the EAJA if an EAJA application had been granted.").

- 10 -

Because Floyd's attorney failed to move for fees under the EAJA, the fee award shall be reduced by the amount of fees that could have been covered by the EAJA. In her reply brief, Floyd's attorney argues:

> The EAJA apparently allows up to $125 per hour for attorney's fees. The Plaintiff's Attorney spent now more than 170.8 hours representing the Plaintiff. Under the EAJA, Plaintiff's Attorney could be awarded $21,350.00 ($125 times 170.8 hours). However, Plaintiff's Attorney is only asking for the part of the 25 percent of the Plaintiff's past-due benefits, which is still being withheld by SSA, which is $10,237.75 ($14,839.50 minus $4,601.75). Therefore, Defendant is apparently trying to penalize Plaintiff's Attorney for not asking for $21,350.00 in fees.
>
> It is not "reasonable" to insist that Plaintiff's attorney request $21,350.00 from EAJA, and then to have to possibly refund money. As the Defendant admitted, "reasonable" attorney fees are defined as 25 percent of the past due benefits awarded to the clamant, which is withheld in a lump sum by the Commissioner pursuant to 42 U.S.C. Section 406(b). Accordingly, Plaintiff's Attorney is hereby only requesting the "reasonable" attorney's fee of $10,237.75, which is being held for her by SSA, and is the remaining part of the 25 percent of the Plaintiff's past-due benefits ($14,839.50 minus $4,601.75, which Plaintiff's Attorney has already been paid).

(ECF No. 26.) None of those arguments offer any reasonable explanation as to why Floyd's attorney failed to move for fees under the EAJA.[3] Cf. Iliceto v. Sec'y of Dep't of Health & Human Servs., No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14,

---

[3]Floyd's attorney's arguments are extremely problematic for several other reasons. Because those arguments are not relevant to the court's analysis of the present motion, the court need not further address them.

1990) ("The unreasonableness of the" present Section 406(b) attorney's fees "request lies in plaintiff's attorney's failure to request EAJA fees.")  In calculating the attorney's fees Floyd's attorney could have received under the EAJA, the court will utilize EAJA's statutory maximum amount of $125/hour.[4]  See Wolfe, 2016 WL 7650793, at *1 ("The EAJA allows a maximum attorney fee of $125.00 per hour." (citing 28 U.S.C. § 2412(d)(2)(A)(ii))).  The court concludes that Floyd's attorney's expected EAJA award would have been $8,450 (67.6 hours x $125).  Accordingly, Floyd's attorney shall receive $1,787.75 from the SSA, i.e., $10,237.75 (the total withheld funds) - $8,450 (potential EAJA attorney's fee award).

## III. CONCLUSION

For these reasons, Floyd's motion is GRANTED IN PART and DENIED IN PART.  The SSA is directed to remit $1,787.75 of the withheld funds to Floyd's attorney, with the balance ($8,450) being paid to Floyd.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 21, 2019
Date

---

[4]Although the court has discretion to increase the maximum hourly EAJA fee – which would have the effect of further reducing Floyd's attorney's award - the court declines to do so as neither party has raised the issue.